# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

MAKENA PAYNE-HOPPE,
    Plaintiff

vs

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant

Case No. 1:11-cv-097
Beckwith, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

This matter is before the Court on plaintiff's motion for attorney fees and costs under the Equal Access to Justice Act (EAJA) (Doc. 15), the Commissioner's response in opposition (Doc. 16), and plaintiff's reply memorandum. (Doc. 17). For the reasons that follow, the Court recommends that plaintiff's motion be granted.

## I. Substantial Justification

The EAJA provides for an award of attorney fees to a party who prevails in a civil action against the United States "when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)). The EAJA provides:

> A court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

In this case, plaintiff is the prevailing party. The Court reversed the non-disability

finding of the Administrative Law Judge (ALJ) and ordered a remand to the ALJ for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). *See Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993) (social security claimant who obtains a sentence four judgment reversing denial of benefits and requiring further proceedings is "prevailing party" for purposes of EAJA).

In addition, the Commissioner's position during this litigation was not "substantially justified." To be substantially justified, the United States must show that it had a reasonable basis in law and in fact to undertake the challenged action. *Pierce v. Underwood*, 487 U.S. 552 (1988). The "substantial justification" standard under the EAJA is not the same as the "substantial evidence" standard. The government's position "can be justified even though it is not correct . . ., and it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* at 566 n.2. The Sixth Circuit has held that even though the government's position was not supported by substantial evidence, that fact "does not foreclose the possibility that the position was substantially justified. Indeed, Congress did not want the 'substantially justified' standard to be read to raise a presumption that the Government position was not substantially justified simply because it lost the case. . . ." *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (internal citations and quotation marks omitted). Rather, under the EAJA, substantial justification means the government's position was "justified in substance or in the main." *Pierce*, 487 U.S. at 565. In other words, the Court must determine whether the government's position was justified in law and in fact to a degree that would satisfy a reasonable person. *Id. See also Perket v. Sec'y of H.H.S.*, 905 F.2d 129, 132 (6th Cir. 1990); *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir.

1989). It is the government's burden under the EAJA to prove that its position was substantially justified. *See Scarborough v. Principi,* 541 U.S. 401, 414-15 (2004). The "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D).

In the present case, the Court determined that the Commissioner's decision lacked substantial support in the record because the ALJ erred at step five of the sequential evaluation process by failing to fully account for the limitation imposed by plaintiff's need to take leave from work for biweekly treatments. (Doc. 12 at 28-34). The Court found that the ALJ misconstrued plaintiff's testimony; ignored the report of plaintiff's treating specialist, Dr. Joseph Palumbo, M.D., regarding the length of time required for plaintiff's Soliris infusions; and failed to question the vocational expert as to whether scheduled absences from work necessitated by plaintiff's treatments would preclude competitive employment. (Doc. 12 at 30-31). The Court determined that the matter should be reversed and remanded for clarification as to the particular schedule and amount of time required for plaintiff's Soliris injections, and the impact of the treatment on plaintiff's ability to perform substantial gainful activity. (Doc. 12 at 33-34).

In arguing that his position was substantially justified for purposes of plaintiff's EAJA fee application, the Commissioner asserts that the Court did not reject all of his arguments but rather accepted the Commissioner's position or found harmless error as to all but one of the errors raised by plaintiff. The Commissioner notes that plaintiff testified her infusions took "most of the day" and she subsequently attempted to clarify she was required to spend from 1:00 p.m. to 4:30 p.m. in the clinic, but the Commissioner contends the ALJ reasonably found that plaintiff's subjective allegations were not entirely credible. (Doc. 16 at 3). The Commissioner

3

also acknowledges that plaintiff's treating specialist, Dr. Palumbo, stated that plaintiff was required to spend "several hours" in the clinic for each Soliris treatment. (*Id.*) However, the Commissioner argues that the ALJ relied on other medical evidence showing that the infusions took only 35 minutes and at the most one hour. (*Id.*). The Commissioner contends that because he was substantially justified in arguing that plaintiff's infusions did not take several hours, he was likewise substantially justified in relying on the vocational expert's testimony that plaintiff could perform a significant number of jobs in the national economy. (*Id.* at 3, n.1).

The undersigned addressed the Commissioner's arguments in the Report and Recommendation (Doc. 12 at 28-33), which the District Judge adopted after the Commissioner failed to file any objections. (Doc. 13). The facts do not support the government's position in the underlying action, and the law governing the need to include all relevant limitations in the hypothetical to the vocational expert is clearly established. This Court has refused to find the government's position to be "substantially justified" when an ALJ fails to apply the correct legal standard. *Sturgeon v. Commissioner of Social Security*, No. 1:08-cv-510, 2009 WL 5194385, at *3 (S.D. Ohio Dec. 22, 2009) (Beckwith, J.) (citing *Meyers v. Heckler*, 625 F. Supp. 228, 235 (S.D. Ohio 1985); *Howard v. Heckler*, 581 F. Supp. 1231, 1233-34 (S.D. Ohio 1984)). Accordingly, the Commissioner has not met his burden of proving substantial justification for his position in this case.

No evidence in the record suggests that special circumstances bar a fee award here, and the Court, after carefully reviewing the record, finds none. *See* 28 U.S.C. § 2412(d)(1)(A). Accordingly, the Court turns to an analysis of the amount of fees to which plaintiff's counsel is entitled.

4

**II. Amount of Fee Award**

The EAJA authorizes an award of reasonable fees as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

Plaintiff requests an award of fees in the amount of $3,740.00. Plaintiff's request for fees is based on an hourly rate of $170.00, which represents the $125.00 hourly rate set by the EAJA statute adjusted for inflation based on cost of living increases since enactment of the EAJA. (Doc. 15 at 3). Plaintiff argues that the requested $170.00 hourly rate is not excessive and is in keeping with the hourly rate paid to attorneys in the Cincinnati area. In support of his request, plaintiff has submitted evidence which includes counsel's affidavit, the affidavits of other local attorneys, and information on hourly billing rates published by the Ohio State Bar Association. (Doc. 15, attachments). Plaintiff has also submitted a copy of a decision issued by Judge Frost in the Southern District of Ohio awarding EAJA fees at a rate of $175.00 per hour. *See Grady v. Astrue*, No. 2:11-cv-763, 2/14/12 Order (Doc. 17). The Commissioner does not challenge either the number of hours included in the fee request or an increase in the EAJA statutory rate to $170.00 per hour. The Court finds that the hourly rate of $170.00, adjusted for cost-of-living increases since enactment of the EAJA, and the 22 hours that are claimed by counsel are reasonable. *See* 28 U.S.C. § 2412(d)(2)(A).

In light of the above findings, the Court finds that plaintiff is entitled to attorney's fees for 22 hours of work at an hourly rate of $170.00, yielding a fee award of $3,740.00. The award

5

is payable to plaintiff rather than plaintiff's counsel. *See Astrue v. Ratliff*, __ U.S. __, 130 S.Ct. 2521, 2529 (2010). *See also Renneker v. Astrue*, No. 1:10-cv-386, 2012 WL 12696, at *2 (S.D. Ohio Jan. 4, 2012) (Beckwith, J.) (noting that "assignment of an EAJA award executed in advance of any actual award, violates the Anti-Assignment Act, 31 U.S.C. § 3272" and that to make an award directly to the attorney before the Commissioner determines whether the plaintiff owes a pre-existing debt to the United States against which the EAJA fee award could be offset "would jeopardize the ability of the United States to collect such debts, if any exist"). As the award of EAJA fees may be offset against any pre-existing debt plaintiff may owe to the United States, the fee must be made to plaintiff and not to plaintiff's attorney.

The Court therefore **RECOMMENDS** that the EAJA fee petition be **GRANTED** and that plaintiff be **AWARDED** $3,740.00 in attorney fees.

Date: 11/13/12

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

MAKENA PAYNE-HOPPE,
    Plaintiff

vs

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant

Case No. 1:11-cv-0097
Beckwith, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).